116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen C. JUDON, Defendant-Appellant.
 No. 96-4223.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 2:96CR149; Rudolph T. Randa, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Allen C. Judon pleaded guilty to one count of possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Judon to 168 months' imprisonment. Judon appeals.
 
 
 2
 In the written plea agreement, the parties stipulated that Judon was responsible for 636 grams of cocaine base. Based on the quantity of cocaine base involved, the corresponding offense level, and Judon's criminal history level, the Sentencing Guideline Range was 168 to 210 months. On appeal, Judon points out that if the district court had calculated the same quantity of cocaine powder instead of cocaine base under U.S.S.G. § 2D1.1, the sentencing range would have been 78 to 97 months. Judon argues that the disparity in the drug quantity tables of the Sentencing Guidelines between cocaine powder and cocaine base is irrational and arbitrary, violating his constitutional right to due process of law.
 
 
 3
 The government contends that Judon waived his right to challenge the Sentencing Guidelines because he stipulated to the amount of cocaine base in his written plea agreement. However, Judon is not making a factual challenge, but a constitutional one. In his objections to the presentence recommendations considered at sentencing, Judon argued that the disparity between powder and cocaine base was violative of the due process clause. Thus, Judon made a timely, specific objection to the district court, and the issue is properly preserved for appeal. See United States v. Neely, 980 F.2d 1074, 1084 (7th Cir.1992).
 
 
 4
 On appeal, Judon asks us to revisit our decision in United States v. Lawrence, 951 F.2d 751 (7th Cir.1991), where we held that 21 U.S.C. § 841 and § 2D1.1 do not violate the due process clause. Judon asserts that a new scientific study published in the Journal of the American Medical Association (JAMA) conclusively shows that there is no scientific support for equating 100 grams of cocaine base and 1 gram of powder cocaine (the 100:1 ratio). In Lawrence, we reviewed the legislative history of § 841 and Congress' concern with the dangerously addictive qualities, availability, and potency of cocaine base. Id. at 754-55. We concluded that the 100 to 1 ratio was rationally related to the dangerousness of the drug; therefore, there was no violation of the due process clause. Id.
 
 
 5
 Acknowledging our holding in Lawrence, Judon nonetheless argues that a recent medical article supports the premise that § 841 is an arbitrary classification and therefore lacks a rational justification under the due process clause. In the JAMA article, the authors concluded that the physiological effects of cocaine are similar regardless of form and that the legal determination that cocaine base is more dangerous than cocaine powder is unjustified[1] Although the authors' assertions conflict with some of the evidence that Congress considered when relating the comparative dangers of cocaine powder and cocaine base, see i.d., at 754-55, the article also acknowledges that smoking cocaine base has a greater potential for abuse than intra-nasal cocaine use.[2] We conclude that the article's mixed findings and conclusions are not enough of a basis for us to determine that the 100 to 1 ratio abrogates the due process clause. In sum, Judon's argument is not compelling enough for us to overturn this circuit's precedent and depart from the doctrine of stare decisis. See United States v. Jones, 54 F.3d 1285, 1294 (7th Cir.1995), cert. denied, 116 S.Ct. 263.
 
 
 6
 We also note that not only have we previously rejected Judon's exact argument, but that every constitutional challenge to the penalty differential under § 841 and § 2D1.1 has failed. See United States v. Booker, 73 F.3d 706, 710 (7th Cir.1996). Therefore, the district court judgment is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 See Dorothy K. Hatsukami, PhD, and Marian W. Fischman, PhD, Crack Cocaine and Cocaine Hydrochloride, Are the Differences Myth or Reality?, 276 JAMA 1580, 1586-87 (1996)
 
 
 [2]
 Id. at 1583